By the Court.—Truax, J.
The action was brought by the plaintiff as the assignee of one Charles R. Johnson, to recover the sum of $1,625 as an installment of royalties claimed to be due and payable for the three months ending on the first day of September, 1888, under a contract entered into on the 20th *87 clay of September, 1886, by the said Johnson and the said defendant. The contract is set forth in full in the complaint.
It was provided in the 8th clause of said contract “that in the event of the termination of this agreement, the said company,”—that is, the defendant, “by reason of the expenditures that shall have been made during the. continuance of their agreement, shall have a license, not exclusive, to use all the inventions that may have been used in carrying on the business of the company, on the payment of $6,500 per year, said sum to be paid quarterly.”
It was alleged in the complaint that said contract was terminated by the defendant on the first day of March, 1888, which was before the time provided in the contract for its termination. This allegation is not denied in the answer, and therefore it is not necessary for us to determine what kind of a termination of the contract was contemplated in the 8th clause of the contract. It is true there was an attempt to litigate this question on the trial, but a party will not be allowed to litigate on the trial a question admitted by the pleading.
It was also alleged in the complaint and denied in the answer that the defendant “ had used-and was, on the said first of March, 1888, still using, and has since that time still continued to use, manufacture and sell to others to use ” the inventions referred to in the contract of the 20th day of September, 1886.
It has been held by a general term of this court that the plaintiff must show, in order to sustain his cause of action, that the defendant has used since the termination of said contract some of the inventions mentioned in the contract and in the complaint. The plaintiff did offer evidence that tended to show such use, but the defendant contends that it had the right, during the countinuance of the said contract, to make contracts for the delivery and *88 sale of the inventions mentioned in said contract, and that it was not shown that such inventions were not used under contracts made prior to the termination of the contract between plaintiff and defendant. This defence, if it be a defence, is an affirmative one and should have been shown by the defendant affirmatively on the trial. It is also to be noticed that it is not within the letter of the contract.
The judgment roll offered in evidence is not a bar to this action. The plaintiff’s right to royalties began after the termination of the contract and then only on the defendant’s using the inventions men-, tioned in the contract. That is, the mere breach of the contract did not give the plaintiff’s assignee a cause of action for royalties.
The defendant’s exceptions are overruled and judgment is ordered for plaintiff' on the verdict, with costs.
Dugbo, J., concurred.